Filed 12/16/21  P. v. Aguirre CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B312060 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. KA033695-02) |
| TRINIA IRENE AGUIRRE, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Mike Camacho, Judge.  Affirmed.

Trinia Irene Aguirre, in pro. per., and Victor J. Morse, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

————————

Following a bench trial in 1998 Trinia Aguirre was convicted of four counts of first degree premeditated murder with a multiple-murder special-circumstance finding and sentenced to concurrent state prison terms of life without parole.

On October 19, 2020 Aguirre, representing herself, filed a petition for resentencing pursuant to Penal Code section 1170.95,[1] averring she had been convicted of murder under the natural and probable consequences doctrine or felony-murder rule and could not now be convicted of murder because of amendments to sections 188 and 189. The superior court denied Aguirre's petition without appointing counsel or requesting further briefing, ruling Aguirre was ineligible for resentencing as a matter of law based on the 1998 trial court finding that she had acted with "deliberate, premeditated and wilful intent" in aiding in the commission of the murders.

No arguable issues have been identified following review of the record by Aguirre's appointed appellate counsel. We also have identified no arguable issues after our own independent review of the record and analysis of the contentions presented by Aguirre in her supplemental brief. We affirm.

## FACTUAL BACKGROUND

### 1. *The Home Invasion Murders*

Aguirre and her boyfriend, David Alvarez, were charged with multiple counts of murder and attempted murder following a home invasion in which four people were shot to death and several others were wounded. Alvarez, who was the principal perpetrator, was armed with a gun; Aguirre used a knife. (*People v. Aguirre* (Jan. 26, 2000, B128911) [nonpub. opn.].)

---

[1] Statutory references are to this code.

Aguirre was tried without a jury. The court concluded Alvarez had entered the victims' home intending to murder Patricia Garcia, his former wife, and other members of her family. "The robbery of the victims was an afterthought," the court found, "which arose by virtue of the fact that neither Patricia nor her brothers, the clearly intended murder victims, were home." The court disbelieved Aguirre's testimony that she was an unwilling accomplice, forced by Alvarez to participate in the crimes, and rejected her defense of duress. The court explained the testimony of the surviving witnesses "demonstrate[d] [that] she voluntarily accompanied David to help him exact revenge on Patty and her family." The court also cited Aguirre's post-crime activity as additional evidence of her intent at the time of the crimes—"an intent to aid and assist David Alvarez in this horrific slaughter." The court expressly found Aguirre's "deliberate, premeditated and wilful intent to aid David Alvarez in the commission of the crimes of murder is established beyond a reasonable doubt by her having tied the victims, turned up the television set to full volume, closed windows, and turned up the air conditioning, to cover the sound of gunshots."

Aguirre was convicted of four counts of first degree murder (§ 187, subd. (a)), three counts of attempted murder (§§ 187, subd. (a), 664) and four counts of first degree residential robbery (§ 211). The court found true a multiple-murder special-circumstance allegation (§ 190.2, subd. (a)(3)) and several weapons-related enhancements, but not true a robbery-murder special-circumstance allegation (§ 190.2, subd. (a)(17)). Aguirre was sentenced to four concurrent state prison terms of life without parole plus one year for a weapons enhancement, plus

additional concurrent determinate terms on the remaining charges.

On Aguirre's direct appeal we modified the judgment by striking a one-year enhancement imposed on Aguirre because Alvarez had been armed with a gun (§ 12022, subd. (a)(1)) and otherwise affirmed the judgment of conviction. (*People v. Aguirre*, *supra*, B128911.)

2. *Aguirre's Petition for Resentencing*

On October 19, 2020 Aguirre, representing herself, filed a printed form petition for resentencing pursuant to section 1170.95 with a separate typewritten supporting petition and declaration. Aguirre declared she had been convicted of murder under the felony-murder rule and erroneously stated the trial court had found true the robbery-murder special-circumstance allegation. In her supporting papers Aguirre argued she could not now be convicted of murder under the felony-murder rule in light of the Supreme Court's clarification in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) of the requirements for finding an accomplice was a major participant in the underlying felony and acted with reckless indifference to human life for purposes of the felony-murder special circumstance as described in section 190.2, subdivision (d). Aguirre requested the court appoint counsel for her during the resentencing process.

On October 21, 2020 the matter was transferred to Department EA-P, Hon. Mike Camacho, because the sentencing bench officer (Hon. Florence-Marie Cooper) was no longer available to hear the matter. On December 21, 2020 the superior court summarily denied Aguirre's petition without appointing counsel, finding "the defendant to be a direct participant as

4

indicated in the record." In its comments on the record the court repeated Aguirre's error and stated she had been convicted of special-circumstance robbery murder. The court continued, "It is abundantly clear that she was a major participant in the home invasion murders and acted with reckless disregard, which would justify the special circumstance finding even pre-*Banks* and pre-*Clark*." The court then read into the record the trial court's findings, including that, beyond a reasonable doubt, Aguirre had acted with "'deliberate, premeditated and willful intent'" in aiding Alvarez in the commission of the murders.

Aguirre filed a timely notice of appeal.

## DISCUSSION

### 1. *Senate Bill No. 1437*

Senate Bill No. 1437 (Stats. 2018, ch. 1015), effective January 1, 2019, substantially modified the law relating to accomplice liability for murder, eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843) and significantly narrowing the felony-murder exception to the malice requirement for murder. (§§ 188, subd. (a)(3), 189, subd. (e)(3); see *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)[2] It also authorized, through new section 1170.95, an

---

[2] With respect to the felony-murder rule, new section 189, subdivision (e), provides a participant in the perpetration or attempted perpetration of a felony listed in section 189, subdivision (a), in which a death occurs—that is, as to those crimes that provide the basis for the charge of first degree felony murder—that the individual is liable for murder "only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited,

5

individual convicted of felony murder or murder based on the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of Senate Bill No. 1437's changes to the definition of the crime. (*Lewis*, at p. 957; *Gentile*, at p. 843.)

In determining whether a petitioner has carried the burden of making a prima facie showing he or she falls within the provisions of section 1170.95 and is entitled to relief, it is appropriate to examine the record of conviction, "allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, *supra*, 11 Cal.5th at p. 971.)

2. *Aguirre's Appeal*

In accord with the procedures described in *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278, we appointed counsel to represent Aguirre on appeal. After reviewing the record, Aguirre's counsel filed a brief raising no issues. Appointed counsel advised Aguirre on November 1, 2021 that she had 30 days after he filed his no-issue brief to submit a brief or letter raising any grounds of appeal, contentions or arguments she wanted the court to consider.

On December 8, 2021 we received a 14-page typewritten supplemental letter brief from Aguirre that asserts (1) the superior court erred in failing to appoint counsel to represent her when assessing whether she had made a prima facie showing of

_____

requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

6

entitlement to relief pursuant to section 1170.95, subdivision (c), as required by *Lewis*, *supra*, 11 Cal.5th at pages 962 through 963, and (2) the record of conviction fails to demonstrate as a matter of law that she was a major participant in the underlying robbery and had acted with reckless indifference to human law and could now be convicted of murder under the felony-murder rule.

Aguirre is correct that under *Lewis*, which was decided seven months after the denial of her petition, she was entitled to appointment of counsel because her petition contained all the required information, including her declaration that she was eligible for relief under section 1170.95. However, the *Lewis* Court also held a superior court's failure to appoint counsel to represent a petitioner when assessing whether he or she had made a prima facie showing of entitlement to relief under section 1170.95, subdivision (c), was state law error only, reviewed for prejudice under the harmless error standard of *People v. Watson* (1956) 46 Cal.2d 818. (*Lewis*, *supra*, 11 Cal.5th at pp. 957-958, 973-974.) Here, because the record of conviction established Aguirre was not convicted under the felony-murder rule but as a direct aider and abettor who had acted with express malice (deliberate, premeditated and willful intent), she was ineligible for resentencing relief as a matter of law. There is no reasonable probability she would have obtained a more favorable result if counsel had been appointed for her and given the opportunity to file a memorandum supporting the petition. Accordingly, the court's error in failing to appoint counsel, as well as any error in misidentifying the basis for her convictions of murder, was harmless.

Because no cognizable legal issues have been raised by Aguirre's appellate counsel or by Aguirre or identified in our

7

independent review of the record, the order denying the postjudgment motions is affirmed. (See *People v. Cole*, *supra*, 52 Cal.App.5th at pp. 1039-1040, review granted; see also *People v. Serrano* (2012) 211 Cal.App.4th 496, 503; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The postjudgment order is affirmed.


                                   PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.